UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL W.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C19-5907 TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

A.    Did the ALJ harmfully err in rejecting plaintiff's symptom testimony?

B.    Did the ALJ harmfully err in evaluating the medical opinion evidence?

C.    Did the ALJ harmfully err in evaluating the impact of plaintiff's obesity on his impairments?

II.     DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ assesses the claimant's residual functional capacity ("RFC") to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Ford v. Saul,* 950 F.3d 1141, 1154, 1159 (9th Cir. 2020). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.* The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.*

The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citations omitted).

**A.     The ALJ Partially Erred in Rejecting Plaintiff's Testimony**

Plaintiff argues the ALJ erred by rejecting his testimony, including with respect to the side effects of his medications. Pl. Op. Br. (Dkt. 8), pp. 2–9. In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Plaintiff testified he stopped working in part due to a herniated disc in his back, which caused enough pain to require oxycodone. AR 63–64. He testified he could not perform his prior job, which involved carrying a firearm, while taking oxycodone. *Id.* He testified the oxycodone limits his ability to drive and think clearly. AR 69–70, 245, 250, 252, 270, 277. Plaintiff testified his herniated disc restricts his range of motion in his back and ability to lift or carry moderately heavy objects. AR 245, 250, 275. He testified he has osteoarthritis in hands, so they seize up at times and he cannot perform tasks requiring repetitive hand use. AR 75–77, 101. He testified he has problems with his hips that limit his ability to sit or stand for prolonged periods of time. AR 245, 250, 275.

The ALJ found plaintiff's testimony regarding the severity of his symptoms was "not entirely consistent with the medical and other evidence in the record." AR 20. The

ALJ reasoned plaintiff's testimony was inconsistent with the overall medical evidence, and plaintiff's activities of daily living. AR 22–24.

The ALJ erred in rejecting plaintiff's testimony as inconsistent with the overall medical evidence. Inconsistency with objective evidence may satisfy the clear and convincing requirement. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749–50 (9th Cir. 1995) (internal quotation marks omitted). The ALJ noted the record contained some normal exam findings, such as normal gait, muscle tone, and strength. *See, e.g.*, AR 544, 558, 572–73. The record also contained objective findings, such as an MRI, showing a herniated or bulging disc in plaintiff's lumbar spine, mild to moderate osteoarthritis in plaintiff's hip joints, and osteoarthritis in plaintiff's hands. *See* AR 562, 684, 878–79, 940. These objective findings could support the degree of pain plaintiff alleged, so the ALJ erred to the extent he rejected plaintiff's pain testimony based solely on the objective medical evidence.

The ALJ also found that plaintiff received only conservative treatment. *See* AR 22. An ALJ may rely on conservative treatment in discounting a claimant's symptom testimony. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (holding that over-the-counter pain medication is "conservative treatment"). But consistent use of opioid medications is generally not considered conservative treatment. *See Kager v. Astrue*, 256 F. App'x 919, 923 (9th Cir. 2007); *O'Connor v. Berryhill*, 355 F. Supp. 3d 972, 985

(W.D. Wash. 2019) (collecting cases). Plaintiff was regularly taking oxycodone, so this was not a valid basis for rejecting plaintiff's symptom testimony.

The ALJ did not err in rejecting plaintiff's testimony regarding his hip and back symptoms as inconsistent with his activities of daily living. An ALJ may reject a plaintiff's symptom testimony based on his daily activities if they contradict his testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Plaintiff reported he was walking four miles, biking indoors, or working out with weights seven days a week. *See* AR 500, 640, 682. Plaintiff's frequent participation in these activities contradicts his testimony of lifting, sitting, and standing limitations. The ALJ therefore did not harmfully err in rejecting plaintiff's testimony regarding the severity of his hip and back pain, as this reason remains valid regardless of the ALJ's other errors. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (explaining that "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion'") (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

None of these activities, however, contradict plaintiff's testimony about the side effects of his medications, or his hand use limitation. The ALJ therefore failed to give any valid reasons for rejecting plaintiff's testimony regarding the side effects of his medication, i.e. difficulty thinking clearly, and his hand symptoms, and harmfully erred.

**B.     The ALJ Harmfully Erred in Evaluating the Medical Opinion Evidence**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. Pl. Op. Br., pp. 9–14. Plaintiff contends the ALJ erred by partially rejecting the opinions of

1  examining doctor John Richard Coe, D.O., and the opinions of non-examining doctors

2  Norman Staley, M.D., and Alnoor Virji, M.D. *See id.*

3          i.        <u>The ALJ Harmfully Erred in Rejecting Dr. Coe's Opinions</u>

4      Dr. Coe examined plaintiff on July 25, 2018. *See* AR 935–42. Dr. Coe opined

5  plaintiff could lift and carry 25 pounds occasionally and 15 pounds frequently. AR 941.

6  He opined plaintiff can stand and walk for eight hours in an eight-hour workday, and sit

7  for eight hours in an eight-hour workday. *Id.* He opined plaintiff cannot work more than

8  eight hours continuously, and cannot work above chest level. *Id.* Dr. Coe opined plaintiff

9  "cannot bend, lift, climb or undertake complex mental activities especially involving

10 deduction or making conclusions secondary to the severity of [his] pain." *Id.*

11     The ALJ found "Dr. Coe's opined limitations with regard to [plaintiff's] exertional

12 level and inability to perform complex work are unpersuasive." AR 25. The ALJ

13 reasoned Dr. Coe's opinions were inconsistent with plaintiff's activities of daily living,

14 and inconsistent with the opinions of Dr. Staley and Dr. Virji. AR 26.

15     Under current Ninth Circuit precedent, an ALJ must provide "clear and

16 convincing" reasons to reject the uncontradicted opinions of an examining doctor, and

17 "specific and legitimate" reasons to reject the contradicted opinions of an examining

18 doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). Dr. Coe provided his

19 opinions as a consultative, examining, licensed physician. *See* AR 935–42. Those

20 opinions were contradicted by the opinions of Dr. Staley and Dr. Virji. *See* AR 125–28,

21 138–40.

22     The Commissioner recently changed the regulations applicable to evaluation of

23 medical opinions, eliminating a hierarchy among medical opinions, but still requiring

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

1  ALJs to explain their reasoning and specifically address how they considered the
2  supportability and consistency of each opinion. *See* 20 C.F.R. § 404.1520c; Revisions
3  to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18,
4  2017). Neither party addresses whether the Commissioner's new regulations impact the
5  Ninth Circuit's standards. Regardless of the change to the regulations, an ALJ's
6  reasoning must be supported by substantial evidence and free from legal error. *See*
7  *Ford*, 950 F.3d at 1153–54 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.
8  2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983). The Court will
9  therefore consider whether the ALJ specifically and legitimately explained how he
10 considered the supportability and consistency factors regarding Dr. Coe's opinions.
11 *Ryan v. Commissioner of Social Sec.*, 528 F.3d 1194, 1198–99 (9th Cir. 2008). This
12 standard is consistent with Ninth Circuit precedent and also with the 2017 regulations.

13       The ALJ erred in rejecting Dr. Coe's opinions as inconsistent with plaintiff's
14 activities of daily living. Although plaintiff's daily activities contradicted some of Dr. Coe's
15 opined limitations, such as lifting restrictions, the ALJ did not identify daily activities
16 contradicting Dr. Coe's opinions that plaintiff cannot work above chest level, and cannot
17 undertake complex mental activities.

18       The ALJ also erred in rejecting Dr. Coe's opinions as inconsistent with the
19 opinions of Dr. Staley and Dr. Virji. The existence of a conflict among doctors' opinions
20 is not a reason for picking one doctor over the others, it merely establishes an issue the
21 ALJ must resolve. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The
22 ALJ is responsible for determining credibility, resolving conflicts in medical testimony,
23 and for resolving ambiguities."). The ALJ thus failed to provide valid reasons for
24
25

rejecting Dr. Coe's opinions regarding plaintiff's ability to work above chest level and undertake complex mental activities, and harmfully erred.

      ii.      <u>The ALJ Harmfully Erred in Rejecting the Non-Examining Doctors' Opinions</u>

Plaintiff argues the ALJ erred by rejecting Dr. Staley's and Dr. Virji's opinions regarding plaintiff's manipulative and environmental limitations. Pl. Op. Br., p. 14. Dr. Staley reviewed plaintiff's medical records as part of the initial consideration of plaintiff's claims. *See* AR 125–28. Dr. Staley opined, among other things, that plaintiff was limited in handling with his right hand, noting plaintiff was "BOD for handling to occasional." AR 127. He opined plaintiff should avoid concentrated exposure to noise, vibration, and hazards. *Id.* Dr. Virji reviewed plaintiff's medical records as part of the reconsideration of plaintiff's claims. *See* AR 138–40. Dr. Virji opined plaintiff was limited in handling with his right hand, but noted plaintiff was "BOD for handling to frequent." AR 138. Dr. Virji's opinions matched Dr. Staley's regarding environmental limitations. *See* AR 140.

The ALJ rejected Dr. Staley's and Dr. Virji's handling limitations because they were "not consistent with the claimant's record as a whole, which shows generally good results, or no issues at all, with the use of pain medications." AR 24. The ALJ implicitly rejected Dr. Staley's and Dr. Virji's opinions that plaintiff should avoid concentrated exposure to hazards by failing to include it in the RFC, reasoning that those opinions were inconsistent with the overall medical evidence and plaintiff's activities of daily living. *Id.*

The ALJ erred in rejecting Dr. Staley's opinions regarding plaintiff's handling limitations.[1] An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted). But an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). The ALJ summarized several medical findings regarding plaintiff's hand and shoulder pain. *See* AR 21–22. But the ALJ did not discuss how this evidence contradicted Dr. Staley's opined handling limitations, nor is any contradiction obvious on the face of that evidence. *See* AR 898, 927–28, 936, 940, 1001. The ALJ therefore erred in rejecting Dr. Staley's opined handling limitations.

The ALJ also erred in rejecting Dr. Staley's and Dr. Virji's opined environmental limitations. The ALJ did not provide any specific discussion about these opined limitations, or point to any evidence contradicting them. *See* AR 25. The ALJ made generalized reference to the medical evidence and plaintiff's activities of daily living, but failed to point to specific evidence in the record contradicting the doctors' opinions that plaintiff should avoid concentrated exposure to vibration, extremely cold temperatures, and hazards. The ALJ thus erred.

In sum, the ALJ failed to provide any valid reasons for rejecting Dr. Staley's opinion regarding plaintiff's handling limitations, and Dr. Staley's and Dr. Virji's opinions regarding plaintiff's environmental limitations. These opinions may have impacted the

---

[1] The ALJ did not harmfully err in addressing Dr. Virji's handling limitation opinion because in the RFC he limited plaintiff to frequent handling and fingering bilaterally. *See* AR 19. In other words, the ALJ did not reject Dr. Virji's handling limitation opinion.

outcome of the ALJ's determination, so the ALJ's failure to properly consider them was harmful error. *See Molina*, 674 F.3d at 1115.

### C. The ALJ Did Not Harmfully Err in Considering the Impact of Plaintiff's Obesity on His Impairments

Plaintiff argues the ALJ erred by failing to consider the impact of obesity on plaintiff's other impairments. Pl. Op. Br., pp. 15–16. But plaintiff does not point to any evidence that obesity meets the criteria for a severe impairment in his situation, or that obesity impacts his other impairments. The burden of proof is on the claimant to establish impairments that must be included at the RFC stage. *See Tackett*, 180 F.3d at 1098–99. Plaintiff has therefore failed to show the ALJ harmfully erred in failing to consider the impact of plaintiff's alleged obesity on his other impairments.

### D. Scope of Remand

Plaintiff asks the Court to remand this matter for further administrative proceedings. Pl. Op. Br., p. 17. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court agrees remand for further proceedings is the appropriate remedy.

On remand, the ALJ shall reevaluate plaintiff's testimony regarding his hand pain and the side effects of his medications. The ALJ shall reevaluate the opinions of Dr. Coe, Dr. Staley, and Dr. Virji. The ALJ shall reevaluate Plaintiff's RFC and the step four determination. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

### III. CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 4th day of March, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge